UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOANNE WOODWARD, ADMINISTRATRIX of )
THE ESTATE OF ROBERT WOODWARD, and )
PAUL WOODWARD, and JOANNE )
WOODWARD, and JILL WOODWARD )
DEBRADY, )
    Plaintiffs, )
)
v. )
) Civil Case No. 1:02-cv-35
TOWN OF BRATTLEBORO, and )
MARSHALL HOLBROOK and, )
TERRANCE PARKER, )
    Defendants. )

### NOTICE OF REMOVAL

Defendants Town of Brattleboro, Marshall Holbrook and Terrance Parker, by and through their attorneys, McNeil, Leddy & Sheahan, hereby notice the removal of this action on the following grounds:

1. Plaintiffs have commenced an action against Town of Brattleboro, Marshall Holbrook and Terrance Parker in the Windham Superior Court, State of Vermont, by serving a Complaint on said Defendants, a copy of which is attached hereto as Exhibit A.

2. Service of the above-referenced Complaint was made on January 25, 2002. *See* Exhibit B, attached hereto.

3. In <u>Joanne Woodward, Administratrix of the Estate of Robert Woodward, et al. v. Town of Brattleboro, et al.</u>, Docket No. S33-1-02 Wmcv, Plaintiffs' Complaint states that the actions of Defendants deprived Robert Woodward of his rights under the United States Constitution. Plaintiffs seek monetary damages.

McNEIL,
LEDDY &
SHEAHAN
BURLINGTON, VERMONT 05401

4.   Defendants submit that Plaintiffs have raised a federal question by asserting a right to relief under the United States Constitution. By virtue of the provisions of 28 U.S.C. §1441(c), this case is removable to this Court.

WHEREFORE, Defendants Town of Brattleboro, Marshall Holbrook and Terrance Parker request that <u>Joanne Woodward, Administratrix of the Estate of Robert Woodward, et al. v. Town of Brattleboro, et al.</u>, Docket No. S33-1-02 Wmcv, now pending in the Windham Superior Court, State of Vermont, be removed to this Court on the grounds that said pleadings raise a federal question pursuant to 28 U.S.C. §1441(c).

DATED at Burlington, Vermont, this 8th day of February 2002.

McNEIL LEDDY & SHEAHAN

BY: _____
Nancy G. Sheahan, Esq.
271 South Union Street
Burlington, Vermont 05401
Attorneys for Defendants

cc:   Thomas W. Costello, Esq.
      Joel T. Faxon, Esq.

400000\139



**McNEIL, LEDDY & SHEAHAN**
BURLINGTON, VERMONT 05401

| | |
|---|---|
| STATE OF VERMONT | WINDHAM SUPERIOR COURT |
| WINDHAM COUNTY, SS. | Docket No.:           Wmc |

JOANNE WOODWARD, ADMINISTRATRIX OF )
THE ESTATE OF ROBERT WOODWARD, and )
PAUL WOODWARD, and )
JOANNE WOODWARD, and )
JILL WOODWARD DEBRADY )
    Plaintiffs )
)
v. )
)
TOWN OF BRATTLEBORO, and )
MARSHALL HOLBROOK and, )
TERRANCE PARKER, )
    Defendants )

## COMPLAINT

NOW COME Plaintiffs, Joanne Woodward, Administratrix of the Estate of Robert Woodward, Paul Woodward and Joanne Woodward, husband and wife, and Jill Woodward DeBrady, by and through their attorneys, Koskoff, Koskoff & Bieder, P.C. and Thomas W. Costello, P.C., and complain against the defendants in this following manner:

1. Plaintiff Joanne Woodward has been appointed Administratrix of the Estate of Robert Woodward, a copy of which appointment is attached hereto and marked as Exhibit 1. At all relevant times prior to his death, Robert Woodward resided in Bellows Falls, Vermont.

2. Plaintiffs Paul Woodward and Joanne Woodward, husband and wife, are residents of the State of Connecticut and are the parents of the late Robert Woodward.


EXHIBIT A

3. Plaintiff Jill Woodward DeBrady is a resident of the State of Connecticut and is the sister of the late Robert Woodward.

4. Defendant Town of Brattleboro ("defendant Town") is a municipal corporation chartered and existing under the laws of the State of Vermont. The defendant Town acts through its agents, servants and/or employees, including but not limited to defendants Marshall Holbrook and Terrance Parker ("shooting defendants").

5. The shooting defendants are, and at all times material hereto have been, members of the Brattleboro Police Department.

## FACTS

6. On December 2, 2001 at about 10:00 a.m. Robert Woodward arrived at the All Souls Church in Brattleboro, Vermont during a public church service.

7. At approximately 10:15 a.m. the shooting defendants fired seven .40 caliber rounds from their semi-automatic firearms at Robert Woodward, including four rounds to the area of his right arm, one round to the area of his left arm, one round in the abdomen and one round in the back.

8. Robert Woodward died at approximately 1:40 p.m. as a direct result of one or more of the gunshot wounds he received from the shooting defendants or the acts and neglects of the shooting defendants or defendant Town subsequent to their shooting of Mr. Woodward.

## COUNT ONE – UNCONSTITUTIONAL USE OF UNREASONABLE FORCE

9. Plaintiffs incorporate the allegations contained in paragraphs 1-8 as though fully set forth herein.

2

10. As a result of the deadly and unreasonable force utilized by the shooting defendants, Marshall Holbrook and Terrance Parker, Robert Woodward was denied his right to freedom from the unreasonable seizure of his person as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983 and as guaranteed by Chapter I, Article 11 of the Vermont Constitution.

11. The acts and omissions set forth above were a substantial factor in causing the following severe and permanent injuries and damages:

    a. ante mortem pain, anguish and suffering of Robert Woodward;

    b. fear of death suffered by Robert Woodward;

    c. death suffered by Robert Woodward;

    d. complete destruction of Robert Woodward's earning capacity;

    e. medical and funeral expenses of Robert Woodward; and

    f. loss of Robert Woodward's companionship, comfort, aid and consortium suffered by Joanne Woodward, Paul Woodward and Jill Woodward DeBrady.

## COUNT TWO – UNCONSTITUTIONAL POLICY AND PRACTICE

12. Plaintiffs incorporate the allegations contained in paragraphs 1-11 as though fully set forth herein.

13. It was a policy or practice of the defendant Town, acting through its agents, apparent agents, servants and employees to improperly and inadequately train and instruct the members of its police department, including the shooting defendants, in the proper manner of effectuating an arrest or

custody, including dealing with an emotionally disturbed person ("EDP") and in the proper exercise of self-restraint in the use of deadly force against civilians and persons being apprehended. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

14. It was a policy or practice of the defendant Town, acting through its agents, apparent agents, servants and employees to improperly and inadequately supervise and discipline the members of its police department, including the shooting defendants, in the execution of their duties including the proper manner of effectuating an arrest or custody, including dealing with an emotionally disturbed person ("EDP") and in the proper exercise of self-restraint in the use of deadly force against civilians and persons being apprehended. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

15. It was the policy or practice of the Town, acting through its agents, apparent agents, servants and employees to improperly and inadequately investigate and screen candidates wishing to become members of its police department, including the shooting defendants, concerning their abilities that would be exhibited in effectuating an arrest or custody, including dealing with an emotionally disturbed person ("EDP") and in the proper exercise of self-restraint in the use of deadly force against civilians and persons being apprehended. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

16. The defendant Town, acting through its agents, apparent agents, servants and employees had knowledge, or had they diligently exercised their duties to instruct, train supervise, control, screen

and discipline on a continuing basis, should have had the knowledge that the wrongs which were done, as heretofore alleged, were being committed. The defendant Town, acting through its agents, apparent agents, servants and employees had the power to prevent or to aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and failed or refused to do so. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

17. The conduct, policies, practices and customs of the defendant Town, acting through its agents, apparent agents, servants and employees as set forth above are illegal, improper and unconstitutional as a denial of the due process of law and in contravention of the Fourth and Fourteenth Amendments of the Constitution of the United States, actionable under 42 U.S.C. § 1983 and in contravention of Chapter I, Article 11 of the Vermont Constitution. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

18. The acts and omissions set forth above were a substantial factor in causing the following severe and permanent injuries and damages:

  a. ante mortem pain, anguish and suffering of Robert Woodward;

  b. fear of death suffered by Robert Woodward;

  c. death suffered by Robert Woodward;

  d. complete destruction of Robert Woodward's earning capacity;

  e. medical and funeral expenses of Robert Woodward; and

  f. loss of Robert Woodward's companionship, comfort, aid and consortium suffered by Joanne Woodward, Paul Woodward and Jill Woodward DeBrady.

## COUNT THREE – NEGLIGENT DISCHARGE OF FIREARMS BY SHOOTING DEFENDANTS

19. Plaintiffs incorporate the allegations contained in paragraphs 1-8 as though fully set forth herein.

20. The shooting defendants negligently discharged their firearms at and into Robert Woodward and negligently failed thereafter to take the action necessary and appropriate to prevent his suffering and death.

21. The acts and omissions set forth above were a substantial factor in causing the following severe and permanent injuries and damages:

  a. ante mortem pain, anguish and suffering of Robert Woodward;

  b. fear of death suffered by Robert Woodward;

  c. death suffered by Robert Woodward;

  d. complete destruction of Robert Woodward's earning capacity;

  e. medical and funeral expenses of Robert Woodward; and

  f. loss of Robert Woodward's companionship, comfort, aid and consortium suffered by Joanne Woodward, Paul Woodward and Jill Woodward DeBrady.

## COUNT FOUR – NEGLIGENT TRAINING AND SUPERVISION; VICARIOUS LIABILITY

22. Plaintiffs incorporate the allegations contained in paragraphs 1-21 as though fully set forth herein.

23. The defendant Town, acting through its agents, apparent agents, servants and employees, including Acting Chief of Police John Martin, negligently trained and supervised the shooting defendants.

24. In addition to the individual liability of the shooting defendants and the liability of the defendant Town for negligent training and supervision, the defendant Town is vicariously liable for the acts of the shooting defendants.

25. The acts and omissions set forth above were a substantial factor in causing the following severe and permanent injuries and damages:

    a. ante mortem pain, anguish and suffering of Robert Woodward;

    b. fear of death suffered by Robert Woodward;

    c. death suffered by Robert Woodward;

    d. complete destruction of Robert Woodward's earning capacity;

    e. medical and funeral expenses of Robert Woodward; and

    f. loss of Robert Woodward's companionship, comfort, aid and consortium suffered by Joanne Woodward, Paul Woodward and Jill Woodward DeBrady.

### COUNT FIVE – SUBSTANTIVE DUE PROCESS INTEREST

26. Plaintiffs incorporate the allegations contained in paragraphs 1-25 as though fully set forth herein.

27. As a result of the deadly, unreasonable force utilized by the shooting defendants, the plaintiffs Paul Woodward and Joanne Woodward suffered a complete destruction of their liberty interest in the companionship and society of their son, Robert Woodward, as guaranteed to them by the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983, and in contravention of the Vermont Constitution.

28. As a result of the deadly, unreasonable force utilized by the shooting defendants, the plaintiff Jill Woodward DeBrady suffered a complete destruction of her liberty interest in the companionship and society of her brother, Robert Woodward, as guaranteed to her by the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983, and in contravention of the Vermont Constitution.

### COUNT SIX – PUNITIVE DAMAGES

29. Plaintiffs incorporate the allegations contained in paragraphs 1-28 as though fully set forth herein.

30. The shooting defendants recklessly, wantonly and outrageously shot and killed Robert Woodward.

31. The defendant Town recklessly, wantonly and outrageously trained and supervised the defendant officers. On information and belief this allegation is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

32. The conduct of the shooting defendants and the defendant Town entitles the plaintiffs to an award of punitive damages.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages and punitive damages, attorneys' fees and other relief as this Court deems appropriate.

DATED at Brattleboro, Vermont, this 21st day of January, 2002

> JOANNE WOODWARD, ADMINISTRATRIX of the
> ESTATE OF ROBERT WOODWARD, and
> PAUL WOODWARD, and
> JOANNE WOODWARD, and
> JILL WOODWARD DEBRADY,
>     Plaintiffs

Koskoff, Koskoff & Bieder, P.C.
Attorneys for Plaintiffs

By: _____
Joel T. Faxon, Esq.
350 Fairfield Avenue
Bridgeport Connecticut
(203) 336-4421

Thomas W. Costello, P.C.,
Attorneys for Plaintiffs

By: _____
Thomas W. Costello, Esq.
51 Putney Road
Brattleboro, Vermont
(802) 257-5533

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims.

DATED at Brattleboro, Vermont, this 21st day of January, 2002

       JOANNE WOODWARD, ADMINISTRATRIX of the
       ESTATE OF ROBERT WOODWARD, and
       PAUL WOODWARD, and
       JOANNE WOODWARD, and
       JILL WOODWARD DEBRADY,
          Plaintiffs

Koskoff, Koskoff & Bieder, P.C.
Attorneys for Plaintiffs

By: _____
Joel T. Faxon, Esq.
350 Fairfield Avenue
Bridgeport Connecticut
(203) 336-4421

Thomas W. Costello, P.C.,
Attorneys for Plaintiffs

By: _____
Thomas W. Costello, Esq.
51 Putney Road
Brattleboro, Vermont
(802) 257-5533

FORM 1931 — VERMONT — SUPERIOR COURT SUMMONS

PUBLISHED BY
New England Legal Supply
RUTLAND, VERMONT 05701

# State of Vermont,

Windham County, ss.

Superior Court

Civil Action, Docket Number .....................

JOANNE WOODWARD, ADMINISTRATRIX OF THE
ESTATE OF ROBERT WOODWARD, and PAUL
WOODWARD, and JOANNE          *Plaintiffs*
WOODWARD, and JILL WOODWARD DEBRADY

vs.

TOWN OF BRATTLEBORO, and MARSHALL
HOLBROOK, and TERRANCE     *Defendants*
PARKER

**SUMMONS**

**To the above-named Defendant(s):**

You are hereby summoned and required to serve upon  Thomas W. Costello,
, *plaintiff's attorney, whose address is*  51 Putney Rd., PO Box 4
Brattleboro, Vermont 05302-0483         , *an answer to the complaint which is* **herewith**
*served upon you, within*  20         *days after service of this summons upon you, exclusive of the*
*day of service. If you fail to do so, judgment by default can be taken against you for the relief*
*demanded in the complaint. Your answer must also be filed with the court. Unless the relief de-*
*manded in the complaint is for damage covered by a liability insurance policy under which the*
*insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13 (a),*
*your answer must state as a counterclaim any related claim which you may have against the plaintiff,*
*or you will thereafter be barred from making such claim in any other action.*

*Thomas W. Costello*
..............................................
*Plaintiff's Attorney*

Dated: January 21, 2002

Served on ....1/25/02.................
*Date*

..............................................
*Sheriff, deputy, constable or*
*person specially appointed*

EXHIBIT B

FORM 131 — VERMONT — SUPERIOR COURT SUMMONS

New England Legal Supply

# State of Vermont,
Windham County, ss.

Superior Court

Civil Action, Docket Number ..................

JOANNE WOODWARD, ADMINISTRATRIX OF THE
ESTATE OF ROBERT WOODWARD, and PAUL
WOODWARD, and JOANNE *Plaintiffs*
WOODWARD, and JILL WOODWARD DEBRADY
vs.
TOWN OF BRATTLEBORO, and MARSHALL     **SUMMONS**
HOLBROOK, and TERRANCE *Defendants*
PARKER

**To the above-named Defendant(s):**

You are hereby summoned and required to serve upon Thomas W. Costello, , plaintiff's attorney, whose address is 51 Putney Rd., PO Box Brattleboro, Vermont 05302-0483 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13 (a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

*Thomas W. Costello*
Plaintiff's Attorney

Dated: January 21, 2002

Served on 1/25/02
        Date

*[signature]*
Sheriff, deputy, constable or
person specially appointed

FORM 1931 — VERMONT — SUPERIOR COURT SUMMONS

*Published by*
*New England Legal Supply*

# State of Vermont,
Windham County, ss.

*Superior Court*

*Civil Action, Docket Number* ....................

JOANNE WOODWARD, ADMINISTRATRIX OF THE
ESTATE OF ROBERT WOODWARD, and PAUL
WOODWARD, and JOANNE        *Plaintiff*s
WOODWARD, and JILL WOODWARD DEBRADY
             *vs.*
TOWN OF BRATTLEBORO, and MARSHALL
HOLBROOK, and TERRANCE     *Defendant*s
PARKER

*SUMMONS*

**To the above-named Defendant(s):**

You are hereby summoned and required to serve upon Thomas W. Costello, , *plaintiff's attorney, whose address is* 51 Putney Rd., PO Box 4 Brattleboro, Vermont 05302-0483 , *an answer to the complaint which is herewith served upon you, within* 20 *days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless the relief demanded in the complaint is for damage covered by a liability insurance policy under which the insurer has the right or obligation to conduct the defense, or unless otherwise provided in Rule 13 (a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.*

_____
*Plaintiff's Attorney*

Dated: January 21, 2002

Served on ____1/25/02____
                *Date*

_____
*Sheriff, deputy, constable or person specially appointed*